Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1876 Greentree Rd
Cherry Hill, NJ 08003
856-761-5090
Attorney for Plaintiff, William A. Reed, Jr.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

WILLIAM A. REED, JR., as personal representative for    |
ELSIE M. REED, an incompetent individual, and    |
WILLIAM A. REED, JR., individually,    |

                      | Civil Action No. _____

       Plaintiff    |

                      |

       v.    |

                      |        **COMPLAINT**

KAREN SCHEFFLER, Mayor of the Borough of Palmyra,    |
TRACY KILMER, Housing Official, Borough of Palmyra,    |
and BOROUGH OF PALMYRA,    |      Jury trial [x] yes   [ ] no

                      |

       Defendants    |
_____

PARTIES

1. Plaintiff, WILLIAM A. REED, JR., is an individual who resides at 311 Temple Boulevard, Palmyra, Burlington County, New Jersey 08065.
2. Defendant, KAREN SCHEFFLER, sued in her individual and official capacity, was the Mayor of the Borough of Palmyra, New Jersey, which has offices at 20 West Broad Street, Palmyra, Burlington County, New Jersey 08065.
3. Defendant, TRACY KILMER, sued in her individual and official capacity, is/was a Housing Official of the Borough of Palmyra, New Jersey, which has offices at 20 West Broad Street, Palmyra, Burlington County, New Jersey 08065.
4. Defendant, BOROUGH OF PALMYRA, is a governmental entity, which has offices at 20 West Broad Street, Palmyra, Burlington County, New Jersey 08065.

JURISDICTION

5. The basis for jurisdiction in this case is FEDERAL QUESTION, under 28 U.S.C. Section 1331 and Section 1343.

STATEMENT OF THE CASE

6.  Plaintiff, WILLIAM A. REED, JR., is and was at all times relevant to this cause of action a citizen of the Borough of Palmyra, New Jersey.

7.  ELSIE M. REED, an incompetent individual, was prior to December 15, 2014, a property owner of a single family home located in the Borough of Palmyra at 28 Pear Street, Palmyra, New Jersey.

8.  The home at 28 Pear Street was a family home, previously occupied by ELSIE M. REED, Plaintiff, WILLIAM A. REED JR.'s mother, until July 2012.

9.  Plaintiff, WILLIAM A. REED, JR., had power of attorney to manage his mother's affairs.

10. On January 7, 2013, 28 Pear Street was given a revised tax assessed value of $134,900 by the borough property appraiser.

11. On June 17, 2013, the Borough Council of Palmyra adopted Ordinance 2013-17.

12. The ordinance provided that all sellers of a residential home within the borough limits of Palmyra were required to submit to and pass a borough inspection to obtain a Certificate of Occupancy prior to any re-sale of a residential home within the borough.

13. On February 7, 2014, 28 Pear Street was privately appraised by Stephen D. Neely & Associates at $115,000.

14. On or about or the beginning of the year 2013, Plaintiff, WILLIAM A. REED, JR., made the decision to attempt to sell the family home at 28 Pear Street in "as is" condition.

15. On or about shortly before February 7, 2014, a young man with a family who was in the home remodeling business showed interest in the purchase of 28 Pear Street as a residence for his family.

16. In connection with the expressed interest in the purchase of 28 Pear Street, the young man who was in the home remodeling business made several inspections of 28 Pear Street, including one or two inspections with his foreman who was experienced in home remodeling.

17. As a result of the aforesaid inspections, the prospective purchaser was satisfied with the condition of 28 Pear Street.

18. On or about shortly before February 7, 2014, the prospective purchaser made an offer of $95,000 for the purchase of 28 Pear Street.

19. On or about shortly before February 27, 2014, Plaintiff, WILLIAM A REED JR., accepted the prospective purchaser's offer of $95,000 for the purchase of 28 Pear Street.

2

20. Following the acceptance of the offer to purchase 28 Pear Street, the prospective purchaser, who already had his mortgage approved, was ready to close on and move into 28 Pear Street.

21. On February 27, 2014, Plaintiff, WILLIAM A REED JR., sent an email to Defendant, TRACY KILMER, to inquire about the private sale of a residential home within the Borough and compliance with local ordinance requirement to obtain a certificate of occupancy.

22. On February 27, 2014, Defendant, TRACY KILMER, informed Plaintiff by email that the borough had an ordinance in effect which required all sellers of residential homes within the borough to obtain a Certificate of Occupancy by submitting to a Borough housing inspection prior to the re-sale of a residential home.

23. Accordingly, Plaintiff, WILLIAM A REED, JR., and Defendant, TRACY KILMER, scheduled a borough housing inspection of 28 Pear Street, which was to occur on March 10, 2014.

24. In fact, ordinance 2013-17 was amended in August, 2013 by Ordinance 2013-25.

25. In September, 2013, Mayor Karen Scheffler requested that Certificate of Occupancy inspections pursuant to Ordinance 2013-25 be postponed.

26. As a result of the Mayor's September 2013 request, enforcement of Ordinance 2013-25 was put on hold.

27. Subsequently, the Borough determined that the new effective date for enforcement of Ordinance 2013-25 would be April 1, 2014.

28. Defendant, TRACY KILMER, knew on February 27, 2014 that the new effective date for enforcement of Ordinance 2013-25 would be April 1, 2014.

29. Defendant, TRACY KILMER, should have known on February 27, 2014 that the new effective date for enforcement of ordinance 2013-25 would be April 1, 2014.

30. When Defendant, TRACY KILMER, informed Plaintiff, WILLIAM A REED, JR., on February 27, 2014, that the Borough had an ordinance in effect which required all sellers of residential homes within the borough to obtain a Certificate of Occupancy, by submitting to a borough housing inspection prior to the re-sale of a residential home, she informed Plaintiff of a borough ordinance which was not effective until April 1, 2014.

31. In fact, Defendant, TRACY KILMER, should have told Plaintiff on February 27, 2014 that if he closed the sale of 28 Pear Street prior to April 1, 2014, he did not have to comply with Ordinance 2013-25.

32. On February 27, 2014, the prospective buyer for 28 Pear Street was ready, willing and able to close on the home before April 1, 2014.

33. On March 10, 2014, Defendant, TRACY KILMER, borough housing official, conducted an inspection of 28 Pear Street.

34. In a report dated March 10, 2014, the borough housing official found thirty-three code violations at 28 Pear Street.

35. In the same report, the borough housing official gave the property owner until April 30, 2014 to abate.

36. The prospective buyer reviewed the March 10, 2014 report and was still willing to close on the home notwithstanding the so-called "code violations."

37. As the result of the March 10, 2014 report, the seller, Plaintiff, WILLIAM A. REED, was unable to close due to the lack of a borough-issued Certificate of Occupancy.

38. In addition, as the result of the March 10, 2014 report, a lengthy amount of time would be required to make the mandated repairs to 28 Pear Street so as to be in position to submit to a re-inspection and the prospective issuance of a Certificate of Occupancy by a borough housing official.

39. For the prospective buyer of 28 Pear Street, a short amount of time to close the deal for the purchase of 28 Pear Street was of the essence.

40. As the result of the seller, Plaintiff, WILLIAM A REED, JR.'s inability to close the deal on 28 Pear Street and the seller's requirement for a lengthy amount of time to make the mandated repairs on the home, the prospective purchaser of 28 Pear Street backed out of the deal to purchase 28 Pear Street.

41. Plaintiff, WILLIAM A. REED JR., did abate the code violations at 28 Pear Street prior to September 16, 2014.

42. Such abatement of the code violations at 28 Pear Street was done by Plaintiff, WILLIAM A. REED, JR., at great hardship and expense.

43. Plaintiff, WILLIAM A. REED, JR., would not have undergone such great hardship and expense but for the enforcement of Ordinance 2013-25 by Defendant, TRACY KILMER.

44. On September 16, 2014, Tracy Kilmer, borough housing official, issued a Certificate of Occupancy for 28 Pear Street, the property having passed an inspection.

45. As of September 16, 2014, the property owner of 28 Pear Street was in compliance with ordinance 2013-25 and was free to privately sell the property.

46. On December 15, 2014, 28 Pear Street sold for $115,000.

47. The principle of what constitutes unconstitutional selective enforcement of an ordinance not yet in effect is a clearly established principle of law of which a reasonable public official would have known.

48. On February 2, 2015, Plaintiff, WILLIAM A REED, JR., spoke as a citizen before the borough council of Palmyra.

49. The subject on which Plaintiff, WILLIAM A REED, JR., spoke was Ordinance 2013-25 and the hardship and expense he experienced in connection with the sale of the family home at 28 Pear Street.

50. Plaintiff, WILLIAM A REED, JR., told the borough council that the maintenance measures he was forced into in order to comply with Ordinance 2013-25 cost him thousands of dollars and a load of hours of work until he was issued a Certificate of Occupancy by the borough housing official.

51. Plaintiff, WILLIAM A. REED, JR., further told the borough council that he wanted them to be aware of the hardship and expense he experienced in the sale of the family home within the borough due to the requirements of Ordinance 2013-25.

52. Defendant, KAREN SCHEFFLER, Mayor of the Borough of Palmyra, was present at the borough council meeting of February 2, 2015 at which Plaintiff spoke.

53. Defendant, KAREN SCHEFFLER, when making her comments to Burlington County Times reporter Todd McHale on February 4, 2015, was aware of the comments made by Plaintiff at the February 2, 2015 borough council meeting.

54. On February 3, 2015, Plaintiff, WILLIAM A REED, JR., was interviewed by Burlington County Times reporter Todd McHale.

55. The February 3, 2015 interview was published on February 3, 2015 in the Burlington County Times on line edition.

56. Plaintiff, WILLIAM A REED, JR., told Burlington County Times reporter Todd McHale that "a lot of older people in this town are going to be shocked when they go to sell their homes," referring to the enforcement of Ordinance 2013-25.

57. Plaintiff, WILLIAM A. REED, JR., was further correctly quoted in the McHale piece as saying "There's going to be a lot of people who are going to be shocked... of what they face when selling a home in the borough.  I was shocked."

58. Reporter McHale correctly reported that [Plaintiff, WILLIAM A. REED, JR.] "believes his story is a cautionary tale for many others in the future."

59. Reporter McHale further correctly reported that [Plaintiff WILLIAM A. REED, JR.] "believes the [borough housing] inspections go too far."

60. On February 4, 2015, Defendant, KAREN SCHEFFLER, Mayor of the Borough of Palmyra, was interviewed in her official capacity by Burlington County Times reporter Todd McHale.

61. The February 4, 2015 interview was published on February 4, 2015 in the Burlington County Times on line edition.

62. Defendant, KAREN SCHEFFLER, told Burlington County Times reporter Todd McHale, referring to 28 Pear Street, that "the house was in extreme disrepair – dangerous even – and had been vacant for some time."

63. Defendant, KAREN SCHEFFLER, further told Burlington County Times reporter Todd McHale, referring to 28 Pear Street, that "properties of *this sort* [emphasis added] negatively affect the entire neighborhood and bring down property values."

64. Defendant, KAREN SCHEFFLER, further told Burlington County Times reporter Todd McHale, referring to 28 Pear Street, that "this property was a real eyesore for the neighborhood and a liability for Mr. Reed."

65. Reporter McHale correctly reported that "the mayor said the property had too many problems."

5

66. Defendant, KAREN SCHEFFLER, further told Burlington County Times reporter Todd McHale, referring to 28 Pear Street, that "there were many deficient areas, including electrical and plumbing problems, numerous holes, leaks, lack of CO detectors, a lack of hot water, crumbled chimney cement, no working stove and exposed wiring."

67. Defendant, KAREN SCHEFFLER, when making her comments of February 4, 2015 to Burlington County Times reporter Todd McHale, was aware of the comments made by Plaintiff, WILLIAM A. REED, JR., to reporter McHale on February 3, 2015.

68. The comments of Defendant, KAREN SCHEFFLER, to Burlington County Times reporter Todd McHale on February 4, 2015, were made in response to comments by Plaintiff at the February 2, 2015 borough council meeting.

69. The comments of Defendant, KAREN SCHEFFLER, to Burlington County Times reporter Todd McHale on February 4, 2015, were made in response to comments by Plaintiff to reporter McHale on February 3, 2015.

70. The statements made by Defendant, KAREN SCHEFFLER, to reporter Todd McHale on February 4, 2015 were false.

71. The statements made by Defendant, KAREN SCHEFFLER, to reporter Todd McHale on February 4, 2015 were injurious to the reputation of Plaintiff, WILLIAM A. REED, JR.

72. The statements made by Defendant, KAREN SCHEFFLER, to reporter Todd McHale on February 4, 2015 were willful misconduct on her part, or were made with actual malice, that is, with knowledge of the falsity of the statements or with reckless disregard for the truth or falsity of the statements.

73. The statements made by Plaintiff, WILLIAM A. REED JR., on February 2, 2015 and February 3, 2015 were constitutionally protected speech.

74. The comments by Defendant, KAREN SCHEFFLER, to Burlington County Times reporter Todd McHale on February 4, 2015, were made in retaliation for comments by Plaintiff at the February 2, 2015 borough council meeting.

75. The comments by Defendant, KAREN SCHEFFLER, to Burlington County Times reporter Todd McHale on February 4, 2015, were made in retaliation for comments by Plaintiff to reporter McHale on February 3, 2015.

76. The comments by Defendant, KAREN SCHEFFLER, to Burlington County Times reporter Todd McHale on February 4, 2015, were sufficient to deter a person of ordinary firmness from speaking before the borough council to express his/her viewpoints.

77. The comments by Defendant, KAREN SCHEFFLER, to Burlington County Times reporter Todd McHale on February 4, 2015, were sufficient to deter a person of ordinary firmness from speaking to a reporter to express his/her viewpoints.

78. The comments by Defendant, KAREN SCHEFFLER, to Burlington County Times reporter Todd McHale on February 4, 2015, had a chilling effect on Plaintiff, WILLIAM A. REED, JR.'s constitutionally protected speech.

79. The chilling effect on Plaintiff, WILLIAM A. REED JR.'s constitutionally protected speech caused by Defendant, KAREN SCHEFFLER's statements of February 4, 2015 was more than *de minimus.*

80. The principle of what constitutes constitutionally protected speech is a clearly established principle of law of which a reasonable public official would have known.

INJURIES

81. As a direct and proximate result of the acts of Defendants, TRACY KILMER and the BOROUGH OF PALMYRA, as aforesaid, Plaintiff, WILLIAM A. REED, JR., has suffered physical injury, emotional distress, mental anguish, and economic loss.

82. As a direct and proximate result of the acts of Defendants, KAREN SCHEFFLER and the BOROUGH OF PALMYRA, as aforesaid, Plaintiff, WILLIAM A. REED, JR., has suffered emotional distress, mental anguish, and irreparable reputational harm to himself and his family's legacy.

COUNT I

DUE PROCESS VIOLATIONS

AS TO DEFENDANTS,

TRACY KILMER AND BOROUGH OF PALMYRA

83. The acts of Defendants, TRACY KILMER, sued in her individual and official capacity, and the BOROUGH OF PALMYRA in arbitrarily and illegally enforcing ordinance 2013-25 against Plaintiff violated Plaintiff, WILLIAM A. REED, JR.'s constitutional rights, particularly his right to due process under the Fourteenth Amendment to the Constitution of the United States, and Plaintiff sues under 42 U.S.C. Section 1983.

COUNT II
DUE PROCESS VIOLATIONS
AS TO DEFENDANTS,
TRACY KILMER AND BOROUGH OF PALMYRA

84. The acts of Defendants, TRACY KILMER, sued in her individual and official capacity, and the BOROUGH OF PALMYRA, in arbitrarily and illegally enforcing Ordinance 2013-25 against Plaintiff, violated Plaintiff, WILLIAM A. REED, JR.'s constitutional rights, particularly his right to due process under Article I Paragraph 1 of the Constitution of the State of New Jersey, and Plaintiff sues under N.J.S.A. 10:6-2(c).

COUNT III

TAKING CLAUSE VIOLATIONS

AS TO DEFENDANTS,

TRACY KILMER AND BOROUGH OF PALMYRA

85. The acts of Defendants, TRACY KILMER, sued in her individual and official capacity, and the BOROUGH OF PALMYRA, in illegally enforcing Ordinance 2013-25 against Plaintiff, violated Plaintiff, WILLIAM A. REED, JR.'s constitutional rights, particularly his right to be free from undue interference or a taking restricting a property's reasonable use under the Fourteenth Amendment to the Constitution of the United States, and Plaintiff sues under 42 U.S.C. Section 1983.

COUNT IV

TAKING CLAUSE VIOLATIONS

AS TO DEFENDANTS,

TRACY KILMER AND BOROUGH OF PALMYRA

86. The acts of Defendants, TRACY KILMER, sued in her individual and official capacities, and the BOROUGH OF PALMYRA, in illegally enforcing Ordinance 2013-25 against Plaintiff,

violated Plaintiff, WILLIAM A. REED, JR.'s constitutional rights, particularly his right to be free from undue interference or a taking restricting a property's reasonable use under Article I Paragraphs 1 and 20 of the Constitution of the State of New Jersey, and Plaintiff sues under N.J.S.A. 10:6-2(c).

COUNT V

FREE SPEECH VIOLATIONS

AS TO DEFENDANT,

KAREN SCHEFFLER

87. The act(s) of Defendant, KAREN SCHEFFLER, sued in her individual capacity, in making the statements of February 4, 2015, violated Plaintiff, WILLIAM A. REED, JR.'s constitutional rights, particularly his rights to freedom of speech and to petition the government for a redress of grievances, under the First Amendment to the Constitution of the United States, and Plaintiff sues under 42 U.S.C. Section 1983.

COUNT VI

FREE SPEECH VIOLATIONS

AS TO DEFENDANT,

KAREN SCHEFFLER

88. The act(s) of Defendant, KAREN SCHEFFLER, sued in her individual capacity, in making the statements of February 4, 2015, violated Plaintiff, WILLIAM A. REED, JR.'s constitutional rights, particularly his rights to freedom of speech and to petition the government for a redress of grievances, under Article I Paragraphs 1 and 18 of the Constitution of the State of New Jersey, and Plaintiff sues under N.J.S.A. 10:6-2(c).

COUNT VII

COMMON LAW DEFAMATION

AS TO DEFENDANTS,

KAREN SCHEFFLER AND BOROUGH OF PALMYRA

89. The act(s) of Defendant, KAREN SCHEFFLER, sued in her individual and official capacity, in making the statements of February 4, 2015, was common law defamation to Plaintiff, WILLIAM A. REED, JR.

90. The Defendant, BOROUGH OF PALMYRA, is vicariously liable for the tort of its duly elected public official.

RELIEF SOUGHT

91. WHEREFORE, Plaintiff, WILLIAM A. REED, JR., requests judgment against Defendants, TRACY KILMER, KAREN SCHEFFLER, and the BOROUGH OF PALMYRA for compensatory damages, punitive damages, reasonable attorney's fees, and costs of suit.

JURY DEMAND

Plaintiff requests a trial by jury of all issues which are triable by a jury.

Respectfully submitted,

  s/ Peter Kober
Peter Kober, Esq.
Kober Law Firm, LLC

DATED: January 25, 2016

10