# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

WILLIAM A. REED, JR.
as personal representative
for ELSIE M. REED, an
incompetent individual, and
WILLIAM A. REED, JR.,
individually,

        Plaintiff,

    v.

KAREN SCHEFFLER
Mayor of the Borough of
Palmyra, TRACY KILMER
Housing Official, Borough of
Palmyra, BOROUGH OF PALMYRA,

        Defendants.

1:16-cv-00423-NLH-AMD

**MEMORANDUM OPINION & ORDER**

---

**APPEARANCES**:

PETER M. KOBER
1876 GREENTREE ROAD
CHERRY HILL, NJ 08003
    On behalf of Plaintiff

RICHARD L. GOLDSTEIN
ASHLEY L. TOTH
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PA
WOODLAND FALLS CORPORATE PARK
200 LAKE DRIVE EAST
SUITE 300
CHERRY HILL, NJ 08002
    On behalf of Defendant Karen Scheffler

**HILLMAN**, District Judge

    WHEREAS, pending before the Court is the motion of

Plaintiff for reconsideration of the Court's dismissal of his

free speech claims against Defendant Karen Scheffler, the Mayor
of the Borough of Palmyra, when Scheffler responded to
Plaintiff's statements in the Burlington County Times about his
concerns over the Borough's ordinance requiring a home owner to
obtain a certificate of occupancy from the Borough prior to the
sale of a home; and

WHEREAS, the Court dismissed Plaintiff's First Amendment
claims because Plaintiff's complaint contained no allegations
that his free speech rights were chilled, or that he suffered
any sort of retaliation;[1] and

WHEREAS, Plaintiff is asking the Court to reconsider its
decision, arguing that if pleading deficiencies were fatal to
his claims, he should be permitted to amend his claims; and

WHEREAS, Plaintiff's brief provides suggested amendments to
three paragraphs in his complaint; and

WHEREAS, a motion for reconsideration may be treated as a
motion to alter or amend judgment under Fed. R. Civ. P. 59(e),
or as a motion for relief from judgment or order under Fed. R.
Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule

---

[1] The Court also dismissed Plaintiff's defamation claim because
Scheffler's factually true statements were not actionable, and
her remaining statements were opinions that did not rise to the
level of contempt or ridicule, or of such a nature to harm
plaintiff's reputation in the community. Plaintiff has not
sought reconsideration of this finding.

7.1(i);[2] WHEREAS, the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); and

WHEREAS, a judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, id.; and

WHEREAS, the Court finds that Plaintiff's motion for reconsideration does not meet the listed items that warrant reconsideration; and

WHEREAS, the Court further finds that even though Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to

---

[2] Plaintiff does not cite to any of these Rules, but the Court will construe Plaintiff's motion, filed 28 days after the Court's Opinion, to be brought pursuant to Fed. R. Civ. P. 59(e) because that rule is substantively most applicable to the relief Plaintiff is seeking, and the rule's 28-day deadline causes Plaintiff's motion to be timely filed. Cf. Fed. R. Civ. P. 59(e) (a motion to alter or amend judgment must be filed no later than 28 days after the entry of judgment); L. Civ. R. 7.1(i) (must be filed within 14 days); Fed. R. Civ. P. 60(b) (must be filed within one year, but a party must demonstrate the same elements as a Rule 7.1(i) motion).

state a claim," that notion does not apply if "doing so would be inequitable or futile," Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); and

WHEREAS, the Court has reviewed Plaintiff's proposed amendments and finds that they do not change the Court's prior analysis, see Docket No. 23 at 7 (explaining that a court cannot credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss); Docket No. 23 at 10-11 (simply adding to his complaint that Plaintiff, or any other ordinary and reasonable person, would be fearful of exercising his rights to speak to the council or newspaper in the future after Scheffler's remarks is a "bald assertion" or "legal conclusion," and does not establish the requisite causal connection); Docket No. 23 at 14 n.3 (explaining that Plaintiff's conclusory statements that his home was in good repair must be supported by some minimal factual basis); and

WHEREAS, the Court's denial of his motion for reconsideration and its decision not to offer Plaintiff the opportunity to amend his complaint *sua sponte* does not prevent Plaintiff from seeking leave to file an amended complaint pursuant to Fed. R. Civ. P. 15;[3]

---

[3] Plaintiff's motion indicates that the Estate of Elsie M. Reed should be substituted for Elsie M. Reed because Ms. Reed has passed away since the filing of the complaint. Regardless if Plaintiff files a Rule 15 motion, Plaintiff shall comply with

THEREFORE,

IT IS on this _____8th_____ day of __May__ , 2017

ORDERED that Plaintiff's MOTION for Reconsideration [25] be, and the same hereby is, DENIED.

                                    ___s/ Noel L. Hillman___
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

Federal Civil Procedure Rule 25 concerning the substitution of parties.