**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM A. REED, JR. as personal representative for ELSIE M. REED, an incompetent individual, and WILLIAM A. REED, JR., individually,<br><br>        Plaintiff,<br><br>   v.<br><br>KAREN SCHEFFLER Mayor of the Borough of Palmyra, TRACY KILMER Housing Official, Borough of Palmyra, BOROUGH OF PALMYRA,<br><br>        Defendants. | 1:16-cv-00423-NLH-AMD<br><br>OPINION |

**APPEARANCES**:

PETER M. KOBER
1876 GREENTREE ROAD
CHERRY HILL, NJ 08003
    On behalf of Plaintiff

RICHARD L. GOLDSTEIN
ASHLEY L. TOTH
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PA
WOODLAND FALLS CORPORATE PARK
200 LAKE DRIVE EAST
SUITE 300
CHERRY HILL, NJ 08002
    On behalf of Defendant Karen Scheffler

**HILLMAN**, District Judge

    Pending before the Court is the motion of Plaintiff to file an amended complaint against Defendant Karen Scheffler, the Mayor of the Borough of Palmyra. Plaintiff's claims arise

from statements Scheffler made in response to Plaintiff's statements in the Burlington County Times about his concerns over the Borough's ordinance requiring a home owner to obtain a certificate of occupancy from the Borough prior to the sale of a home.

Previously, the Court dismissed Plaintiff's First Amendment claims because Plaintiff's complaint contained no allegations that his free speech rights were chilled, or that he suffered any sort of retaliation. The Court also dismissed Plaintiff's defamation claim because Scheffler's factually true statements were not actionable, and her remaining statements were opinions that did not rise to the level of contempt or ridicule, or could be said to harm Plaintiff's reputation in the community.

Plaintiff subsequently filed a motion for reconsideration of that decision relating to the dismissal of his First Amendment claims – but not as to the dismissal of his defamation claims – arguing that if pleading deficiencies were fatal to his claims, he should be granted leave to amend. The Court denied that motion, finding that Plaintiff's proposed amendments did not change the Court's prior analysis, see Docket No. 23 at 7 (explaining that a court cannot credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss); Docket No. 23 at 10-11

(simply adding to his complaint that Plaintiff, or any other ordinary and reasonable person, would be fearful of exercising his rights to speak to the council or newspaper in the future after Scheffler's remarks is a "bald assertion" or "legal conclusion," and does not establish the requisite causal connection); Docket No. 23 at 14 n.3 (explaining that Plaintiff's conclusory statements that his home was in good repair must be supported by some minimal factual basis).

Plaintiff's current motion to file an amended complaint presents, without a supporting brief[1], a proposed amended complaint, which reasserts the dismissed First Amendment claims against Scheffler, and adds a claim for false light invasion of privacy against Scheffler. The Court has again reviewed the proposed amendments to his claims against Scheffler, which provide further support to his allegations

---

[1] Plaintiff filed a brief in response to Scheffler's opposition to his motion. (Docket No. 46.) In that responsive brief, Plaintiff sets forth the law applicable to the relief he seeks. Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss. Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

3

that he kept the home in good repair, despite Scheffler's statements to the contrary, and assert that Scheffler's statements cast him in a false light (which is a new claim), and inhibited his desire to speak openly about his views in the future (a reassertion of his dismissed First Amendment claims). (Docket No. 45 at 6-7.)

There is a conceptual affinity between the causes of action based on defamation and false light invasions of privacy. Even though a false light claim does not need to assert that the untrue material injures the plaintiff's standing in his community, both causes of action require that the plaintiff show that the statements were "highly offensive to a reasonable person," Romaine v. Kallinger, 537 A.2d 284, 290, 109 N.J. 282, 295 (N.J. 1988) (providing that this protection of privacy does not extend to the "hypersensitive person," and the material publicized must be something that would be objectionable to the ordinary person under the circumstances) (citations and quotations omitted); G.D. v. Kenny, 984 A.2d 921, 933 (N.J. Super. Ct. App. Div. 2009) (quoting Leang v. Jersey City Bd. of Educ., 198 N.J. 557, 585, 969 A.2d 1097 (2009)) ("'The tort of false light has two elements: (1) the false light in which the other was placed would be highly offensive to a reasonable person; and (2) the actor had knowledge of or acted in reckless disregard as to

the falsity of the publicized matter and the false light in which the other would be placed.'").

In order to prevail on a First Amendment retaliation claim, a plaintiff must show: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quotations and citations omitted).

Even if the Court were to find that Plaintiff's allegations regarding the condition of the house establish, when accepted as true, that Scheffler's statements about the state of repair of his mother's home were false, Plaintiff's other amendments do not state a cognizable claim under the First Amendment or for the tort of false light, for the same reasons articulated in the Court's original opinion.

As the Court previously noted after discussing two cases that rejected plaintiffs' claims against their mayors for their alleged false statements about them,[2] "[a]ccepting as true that Scheffler's statements imply that plaintiff was

---

[2] McCausland v. City Of Atlantic City, 2006 WL 1451060, at *1 (N.J. Super. App. Div. 2006); Ferraro v. City of Long Branch, 714 A.2d 945, 949 (N.J. Super. Ct. App. Div. 1998).

5

derelict in taking care of his mother's home, these statements do not rise to the level of contempt or ridicule, or of such a nature to harm plaintiff's reputation in the community." Moreover, "the statements Scheffler made to the Burlington County Times, although arguably harsh, related to a municipal ordinance, the reasons for its enforcement and existence, and the effect non-compliance could have on property values in the town" – "[a]ll of these issues related directly to her duties and responsibilities as mayor." (Docket No. 23 at 15, 19.) Even accepting Plaintiff's argument that Scheffler is entitled to at best qualified immunity for those statements, no facts are alleged in the proposed amendment to suggest actual malice or any other basis to abrogate that immunity.  Such immunity applies whether the claims are couched as defamation or its legal cousin, false light.  Plaintiff's proposed amendments would therefore be futile as a matter of law.

Accordingly, the Court finds that Plaintiff's conclusory allegations that Scheffler's statements would be highly offensive to a reasonable person and chilled his First Amendment rights insufficient as a matter of law to state a claim for false light invasion of privacy, or to reassert his First Amendment claims.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997) (providing that a court need not credit either "bald assertions" or

"legal conclusions" in a complaint when deciding a motion to dismiss); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (discussing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)) (explaining that a district court must accept all of the complaint's well pleaded facts as true, but may disregard any legal conclusions).

Plaintiff's motion for Leave to File Amended Complaint will therefore be denied.  An Order consistent with this Opinion will be entered.


Date:   December 6, 2017          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.